■    In the Matter of MIGUEL KRANWINKEL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 1974, which adopted and affirmed a referee's decision sustaining the respondent's initial determination that he was disqualified from benefits for voluntarily leaving his employment without good cause. The claimant lived in Brooklyn and worked for his employer at the Brooklyn Navy Yard at an hourly wage rate of $3.65. Eventually the company moved its plant to Freeport, Long Island, and to compensate the claimant for the additional mileage, he was offered an hourly wage of $4.25, together with his gasoline expenses. The employer testified that he refused the offer and demanded $5.00 per hour. The employer's representative testified as follows: "A. Yes. We offered him more money, and to pay his gas expenses. We knew that prior to working for us, he worked for Globel Steel, which was owned then, by the Vice President of our company, which is in Deer Park, and he drove from Brooklyn to Deer Park, which is in Suffolk County, and so we felt that the drive from Freeport to Brooklyn would not be so  *  *  *  and we offered to pay his gas, and pay him $4.25 an hour." He further testified: "He said, I want to work. I like to work and it was very distinctly, and it was in Freeport that he said it. However, he insisted upon $5.00 an hour, and he will wait at home, for Mr. Knoll to call him, because he can't do without him, and he had called him once before, and said, please come in. Please come in, and he then left. He will wait, he said, for Mr. Knoll to call him." The claimant disputes the conversations and contends that there was no discussion about his transportation. The board found: " The credible evidence adduced at the hearing established that claimant did not have good cause to leave his employment  *  *  *. Claimant would have had good cause to refuse this employment had the employer not offered to increase his wage to compensate for the additional time spent in traveling or had the employer not offered to pay claimant for this [sic] additional traveling expenses. Inasmuch as the employer offered claimant a .60¢ per hour increase in pay plus payment for the gas he consumed in driving to and from work, it follows that he would not have had good cause to refuse the employment had it been offered to him in the first instance." It is evident that the employer recognized that the traveling time of the claimant would be considerably expanded and thus, offered him an additional increase to compensate for such additional time and mileage. Under the circumstances in this case, the issue of whether or not claimant voluntarily left his employment without good cause was a factual issue for the board. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.